# Order

Michigan Supreme Court
Lansing, Michigan

October 25, 2006

129564-67
129569-72 & (70)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

JOEANN BATES,
            Plaintiff-Appellee,

v

DR. SIDNEY GILBERT,
            Defendant-Appellee,
and

D&R OPTICAL CORPORATION,
d/b/a HEALTH CENTER OPTICAL,
            Defendant-Appellant.
_____/

SC: 129564-67
COA: 252022, 252047,
   252792, and 252793
Wayne CC: 03-308969-NH

JOEANN BATES,
            Plaintiff-Appellee/
            Cross-Appellant,

v

DR. SIDNEY GILBERT,
            Defendant-Appellant/
            Cross-Appellee,
and

D&R OPTICAL CORPORATION,
d/b/a HEALTH CENTER OPTICAL,
            Defendant-Appellee/
            Cross-Appellee.
_____/

SC: 129569-72
COA: 252022, 252047,
   252792, and 252793
Wayne CC: 03-308969-NH

On order of the Court, the applications for leave to appeal the August 16, 2005 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered. We direct the Clerk to schedule oral argument on whether to grant the applications or take other peremptory action. MCR 7.302(G)(1). At oral

argument, the parties shall address whether the requirements of MCL 600.2912d(1)(a)-(d) are satisfied if:  (1) a  plaintiff files a single affidavit of merit that is signed by a health professional who plaintiff's counsel reasonably believes is qualified under MCL 600.2169 to address the standard of care, but who is not also qualified to address causation; or (2) a plaintiff files a single affidavit of merit that is signed by a health professional who plaintiff's counsel reasonably believes is qualified under § 2169 to address causation, but who is not also qualified to address the standard of care.  The parties shall also address whether § 2912d(1) permits or requires a plaintiff to file multiple affidavits, signed by different health professionals, when a single health professional is not qualified under § 2169 to testify about both the standard of care and causation.  The parties may file supplemental briefs within 42 days of the date of this order, but they should avoid submitting a mere restatement of the arguments made in their application papers.



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 25, 2006

d1018

_Corbin R. Davis_
Clerk